## No. 9345.

## FIDELITY MUTUAL LIFE INSURANCE CO. v. COCHRANE.

APPEAL AND ERROR—*Harmless Error.* Where the evidence conclusively supports the verdict in favor of the defendant the exclusion of evidence for the plaintiff, whether competent or not, is not prejudicial error.

*Error to Denver District Court, Hon. Charles C. Butler,
Judge.*

*Department One.*

Messrs. SMITH, BROCK & FERGUSON, Mr. JOHN P. AKOLT,
for plaintiff in error.

Mr. H. E. LUTHE, for defendant in error.

Opinion by Mr. Justice Teller.

THE plaintiff in error brought suit against the defendant in error to recover a sum of money which, it was alleged,
he had wrongfully retained out of the purchase price of a
property which he had sold for said company.

The theory of the action was that the defendant in making the sale had been the agent of the plaintiff. The defendant, on the other hand, claimed that he had an option
of the property, and had accounted for the full sum named
to him as the price thereof.

The jury found for the defendant and judgment was entered accordingly.

Plaintiff in error contends that the verdict is not supported by the evidence; also, that the court erred in admitting evidence of the value of the premises sold.

Defendant in error had, for several years prior to the
transaction here in question, been an agent of the plaintiff
in error in the conduct of its business of insurance in the
City of Denver; but it is not now claimed that such agency
is the basis of this action.

The evidence upon the question of agency consists, in
large part, of letters between the parties, from which it
appears that the insurance company gave to defendant in
error an option on the property, several times during the
course of the correspondence. The vice-president of the
company testified at the trial, and admitted that in none
of the letters concerning the sale was any mention made
of an agency to sell. Defendant relied, also, upon an oral
agreement made at the company's home office, to the terms

of which he testified. The vice-president contradicted a part of the defendant's testimony on that point. There was in evidence, also, a letter from said vice-president to the attorney of a broker who made a claim on the company for a commission on the sale. In that letter it was stated that the property was sold to defendant Cochrane, on an option theretofore given him, in consequence of which fact the company was not liable for the commission claimed.

Under this state of the evidence, it cannot be said that there was not evidence upon which the jury might reasonably find for the defendant, as was done. Indeed, we are of the opinion that the evidence conclusively establishes that the defendant sold the property on an option from the company, and that he never held it for sale under an agency contract.

Upon the admissibility of evidence of the value of the property, the defendant in error cites cases to the effect that the evidence was competent as casting light on the probability of the fixing by the company of the price for which the property sold, and which defendant contends was the price named to him as an optionee. Under the facts shown in evidence, it is not necessary to determine the admissibility of the evidence in question, because we think the evidence, whether competent or not, could not have prejudiced plaintiff's case, since the jury ought, in any event, to have found as they did.

The judgment is therefore affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.